IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on behalf of all others similarly situated, | ) ) | 1:10-cv-5402 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ARGONNE CREDIT UNION, | ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

**COMPLAINT**

**CLASS ACTION**

Plaintiff Vladimir Goldshteyn, by his attorneys, Burke Law Offices, LLC, states as follows for his Class Action Complaint against Defendant Argonne Credit Union.

**The Parties**

1. Plaintiff is an Illinois resident.

2. Defendant is a state-chartered (Illinois) credit union that conducts substantial business in this district.

**Jurisdiction and Venue**

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq*.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendant conducts substantial business in this district.

**Statutory/Regulatory Authority**

5. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq*., require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose: (a) on the ATM, that a fee will be imposed; and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**Facts Related To Plaintiff**

8. On August 30, 2009, Plaintiff used an ATM operated by Defendant and located at 2800 75th St., Woodridge, IL 60517.

9. On August 30, 2009, Plaintiff was charged a $2.00 fee to withdraw money from the ATM.

10. On August 30, 2009, there was no notice posted on or near the ATM that disclosed that users would be charged any fee for using the ATM.

11. Defendant had multiple ATMs that did not have Posted Fee Notices during the relevant time period.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

12. Plaintiff incorporates herein by reference paragraphs 1-11.

13. Plaintiff brings this Count on behalf of himself and a Class of all persons who were charged a transaction fee for the use of any Argonne Credit Union automated teller machine when Argonne Credit Union did not post a notice on the automated teller machine that it would impose a transaction fee on users of that automated teller machine.

14. The putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

15. Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

   (a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

   (b) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

16. Plaintiff's claims are typical of the claims of the putative class members, including:

   (a) Plaintiff and all putative class members used an ATM operated by Defendant;

   (b) Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

3

  (c) Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of Defendant's ATMs.

17. Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

18. Questions of law or fact common to the Class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

19. This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

20. The size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

21. No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

22. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

23. Defendant was the operator of each ATM at the locations referenced in paragraph 12 above at all times relevant to this action.

24. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

25. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant therefore, illegally imposed a fee on Plaintiff and all putative class members for their respective use of Defendant's ATMs.

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests that this Court enter judgment in his favor and against Argonne Credit Union and award the following:

A. Actual and statutory damages as set forth in the EFTA and Regulation E;

B. Attorneys' fees and costs of suit; and

C. Such other relief as this Court deems proper.

VLADIMIR GOLDSHTEYN, Plaintiff

/s/Alexander H. Burke
Attorney for Plaintiff

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)

ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all video, data, signage, emails, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members. These materials are relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials, and immediately disclose the identity of any such third party so that plaintiff may also demand preservation of documents and data. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke