**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on behalf of all others similarly situated, | ) | 1:10-cv-5402 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARGONNE CREDIT UNION, | ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**REVISED PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiff respectfully requests that this Court permit him to file the attached Revised Preliminary Motion for Class Certification in lieu of the motion that was filed on October 6, 2010. In support of this motion, plaintiff states:

1. This is an Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") case, alleging that the defendant credit union did not make accurate disclosures of fees it charged to certain persons who used its automated teller machines ("ATMs"), including plaintiff.

2. On October 6, 2010, plaintiff filed a preliminary motion for class certification. Plaintiff wishes to revise that motion to correct several errors. Plaintiff therefore requests that the Court permit plaintiff to file the attached motion in lieu of the previously filed motion.

3. Plaintiff filed the motion early in the case in order to prevent the defendant from attempting to "moot" the entire case through the tender of a settlement offer or Rule 68 offer. Plaintiff requests that the Court enter and continue the motion for class certification to permit plaintiff to take discovery regarding the precise number of class members, the defendant's net worth and other class issues.

WHEREFORE, Plaintiff respectfully requests that this Court permit him to file the attached Revised Preliminary Motion for Class Certification in lieu of the motion that was filed on October 6, 2010. In support of this motion, plaintiff states:

Respectfully submitted,

/s/Alexander H. Burke
Counsel for Plaintiff

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on | ) | |
| behalf of all others similarly situated, | ) | 1:10-cv-5402 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARGONNE CREDIT UNION, | ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

**PLAINTIFF'S REVISED PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiff Vladimir Goldshteyn, through his attorneys, Burke Law Offices, LLC, requests that this Court certify this case to proceed as a class action pursuant to Fed.R.Civ.P. 23(b)(3). The proposed class is defined as:

> all persons who were charged a transaction fee for the use of any Argonne Credit Union automated teller machine when Argonne Credit Union did not post a notice on the automated teller machine that it would impose a transaction fee on users of that automated teller machine.

Plaintiff also requests that the Court appoint Vladimir Goldshteyn as class representative and Burke Law Offices, LLC as class counsel.

In further support of this motion, plaintiff states:

Plaintiff files this motion early in the case, before discovery has been conducted on class certification issues, in order to stop the case from being mooted. Plaintiff requests that the Court enter and continue the motion, or enter a briefing schedule long enough so that discovery may be conducted, and so that plaintiff may file a supplemental opening brief, if appropriate.

Defendant Argonne Credit Union ("Argonne") operates approximately eight automated teller machines ("ATM") in Illinois and Idaho. The ATMs at at least two of these locations have not had any fee notice on or near the subject ATMs in year before the filing of this lawsuit, in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"or "Act"). Specifically, Defendant failed to post the statutorily-mandated notices on the face of its ATMs notifying users of the ATMs that Defendant would charge non-Argonne customers, and customers that were not part of a "surcharge-free" ATM network, a fee for the use of the ATMs. *See* 15 U.S.C. § 1693b(d)(3)(B)(i). Upon information and belief, Argonne's other locations had these deficiencies, too.

This case is thus appropriate for class treatment because Plaintiff's claim is exactly the same as all other putative class members, i.e., each used one of Defendant's ATMs and paid a fee when Defendant was not entitled to charge such a fee because it failed to post the physical notice on the ATMs as required by the EFTA. Further, as explained below, all of the requirements of Rule 23 have been met, and the Court should certify the class.

**I. Rule 23(a)(1) – The Class is So Numerous that Joinder is Impracticable.**

A class may be certified only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticability exists where individual adjudication would take an extended period of time and joinder of all the parties would be administratively impossible or impracticable. "While there is no 'bright line' test for numerosity, courts have found this element satisfied where the number of class members is in the range of as few as 10 to 40." *Rahim v. Sheahan,* 2001 WL 1263493, 2001 U.S. Dist. LEXIS 17214, at *37-38 (N.D. Ill. Oct. 18, 2001) (collecting cases); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29

sufficient); *Gaspar v. Linvatec, Corp.*, 167 F.R.D. 51, 56-57 (N.D. Ill. 1996) (class of 18 certified); *Swanson v. American Consumer indus*., 415 F.2d 1326, 1333 n. 9 (7th Cir. 1969) (40 sufficient).

Upon information and belief, there were more than the 18 or so transactions necessary to satisfy numerosity. Plaintiff requests a briefing schedule long enough to take discovery on these issues.

**II. Fed.R.Civ.P. 23(a)(2): There are Common Questions of Law or Fact.**

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be a common question of law or fact. "However, not all factual or legal questions raised in a lawsuit need be common as long as a single issue is common to all class members." *Evans v. Evans*, 818 F. Supp. 1215, 1219 (N.D.Ind. 1993). "Factual variation among class members' grievances will not defeat class certification. Instead, it is sufficient for Plaintiffs to demonstrate that the claims arise from a common nucleus of operative fact." W*allace v. Chi. Hous. Auth.*, 224 F.R.D. 420, 427 (N.D.Ill. 2004). "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); see also *Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 418 (N.D.Ill. 2007); *Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291, 294 (N.D.Ill. 2006). "This Court has previously held that the requisite common nucleus of operative fact exists in FDCPA cases when the controversy arises from standard form debt collection letters. [citing N.D.Ill. cases]. Like [those cases], this case involves a standard form letter, and the Court would have to resolve a question common to all potential members of [the] Class." *Wahl*, 243 F.R.D. at 297.

"Commonality under Rule 23(a)(2) is not a demanding requirement: It calls only for the existence of at least one issue of fact or law common to all class members." *Eldred v. Experian Info., Inc.*, 233 F.R.D. 508, 511 (N.D.Ill. 2005). "The commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D.Ill. 1992).

For example, in an FDCPA suit, "[t]o establish commonality, it is sufficient that plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am., Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999). "The plaintiff's and the class' claims arise from the defendant having sent the same debt collection letters resulting in the same alleged violations of the act. . . Therefore, the proposed class members share common questions of law and fact." *Silva v. National Telewire Corp.*, 2000 WL 1480269 *2-3; 2000 U.S.Dist.LEXIS 19386,*7-8 (D.N.H. Sep. 22, 2000).

In this case, the class has been defined so that the ATMs each class member used lacked the required notice, and each class member paid a similar fee as plaintiff did. Therefore, commonality is met.

**III. <u>Fed.R.Civ.P. 23(a)(3): Plaintiff's Claims are Typical.</u>**

Under Rule 23(a)(3), a plaintiff's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Maxwell v. Arrow Financial Servs., LLC*, 2004 WL 719278, *4 (N.D.Ill. Mar. 31, 2004) (internal quotation marks and citation omitted).

Here, there can be no question that Plaintiffs' claims are typical; indeed, plaintiffs has been subjected to precisely the same illegal practice as has each member of their class.

## IV. Fed.R.Civ.P. 23(a)(4): Plaintiff and Counsel will Adequately Represent the Class.

Rule 23(a)(4) requires that "both the class representative and counsel for the named plaintiff must be able to zealously represent and advocate on behalf of the class as a whole." *Maxwell*, 2004 WL 719278, *5. The class representatives must not have "antagonistic or conflicting claims with other members of the class," and must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* (internal quotation marks and citation omitted).

In the instant case, Plaintiffs' interests are not antagonistic, but rather are fully congruent with, the interests of other class members, and their pursuit of this matter has demonstrated that they will be "zealous advocate[s] as the named representative[s] on behalf of the class." *Id.* Similarly, Plaintiffs' attorneys have broad experience in class litigation and consumer protection litigation. Appendix 1, Declaration of Alexander H. Burke.

## V. Fed.R.Civ.P. 23(b)(3)

### a. Common issues predominate.

The predominance requirement is generally satisfied where a "common nucleus of operative facts" exists. *Maxwell*, 2004 WL 719278, *5. The Seventh Circuit recently explained that class certification is not defeated even if there is some possibility that "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household Int'l Inc*., 376 F.3d 656, 661 (7th Cir. 2004).

While the common issues must predominate, they "need not be exclusive." *Maxwell*, 2004 WL 719278, *5; see also, *Pleasant v. Risk Management Alternatives, Inc*., No. 02 C 6886, 2003 WL 22175390, at *5 (N.D. Ill. Sept. 19, 2003) (certifying class where "the central factual

inquiry will be common to all" the class members); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. at 242 (finding predominance met in class action where "[l]iability in this case is predicated on the same legal theory and the same alleged misconduct[.]").

In the most concrete terms possible, all that Rule 23(b)(3) requires is that the resolution of the common issues will significantly move all of the claims forward. This is unquestionably the case here, because Defendant's has wronged each class member in the same way. As discussed above, the key -- and essentially only -- issue in this case is common to all class members in such a way that, for example, summary judgment for plaintiff will mean summary judgment for each class member. It is clear that common issues predominate in this case.

**b. A class action is a superior method for the adjudication of the controversy.**

Under Rule 23(b)(3), plaintiff must demonstrate that a class action vehicle is superior to other available methods of adjudicating this controversy. Indeed, the most reasonable assumption is that few if any of the class members even know of the violation of their rights. Finally, there are no potential difficulties in managing a class action here, and the use of the class action form will save considerable judicial resources. Every one of these factors militates for a finding of superiority. See, e.g., *Maxwell*, 2004 WL 719278, *6.

A class action is the superior and most efficient means of assessing the legality of the Defendant's standardized conduct (failing to post a fee notice in violation of the EFTA), because Plaintiff alleges that Defendant acted wrongfully in a manner universal to all class members. As a result, adjudicating the class claims here will take no more effort than it would to adjudicate the claims of Plaintiffs alone. Additionally, few of the consumers charged a transaction fee by Defendant likely are aware of their rights under the law and a class action will protect those

rights; the amount of money any class member may recover is small, thus making individual suits unlikely; efficiency favors one litigation; and this case should not present any significant management problems if certified.

**CONCLUSION**

For the forgoing reasons, plaintiff's motion for class certification should be granted.

/s/Alexander H. Burke
Attorney for Plaintiff

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Appendix 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on behalf of all others similarly situated, Plaintiff, | ) | 1:10-cv-5402 |
| v. | ) | |
| ARGONNE CREDIT UNION, Defendant. | ) | CLASS ACTION JURY DEMANDED |

**DECLARATION OF ALEXANDER H. BURKE**

I am Alexander H. Burke, manager of Burke Law Offices, LLC.

In September 2008, I opened Burke Law Offices, LLC. This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has prosecuted cases for consumers under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also occasionally accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

My legal career began at Edelman, Combs, Latturner & Goodwin, LLC, in Chicago, Illinois, where I spent nearly three years litigating exclusively consumer cases. I estimate that approximately sixty-five percent of those cases were class actions. In 2007, I joined the Law Offices of Keith J. Keogh, Ltd., another consumer rights law firm, where my practice was again limited almost exclusively to consumer class action.

I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006, 2007, 2008 and 2009, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I am the vice-chair of the Chicago Bar Association's consumer protection section, and in November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

Some notable class actions that I have worked on include:

*Greene v. DirecTV, Inc.*, 2010 WL 1506730 (N.D.Ill. April 14, 2010) (motion to dismiss denied as to class TCPA and FCRA claims); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D.

500 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, --- F.Supp.2d ----, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class); _Cicilline v. Jewel Food Stores, Inc._, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); _Harris v. Best Buy Co._, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); _Matthews v. United Retail, Inc._, 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); _Redmon v. Uncle Julio's, Inc._, 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); _Harris v. Circuit City Stores, Inc._, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); _Harris v. Wal-Mart Stores, Inc._, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); _Barnes v. FleetBoston Fin. Corp._, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); _Longo v. Law Offices of Gerald E. Moore & Assocs._, P.C., 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); _Nichols v. Northland Groups, Inc._, case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); _Lucas v. GC Services, L.P._, case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); _Murry v. America's Mortg. Banc, Inc._, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); _Rawson v. Credigy Receivables, Inc._, case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

I became licensed to practice law in the State of Illinois in 2003, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Northern District of Indiana and Southern District of Indiana. In 2009-10, I was the Vice-Chair for the Chicago Bar Association consumer protection committee, and I am currently the Chair for the committee. I am also a member of the Illinois State Bar Association,

the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Chicago, Illinois
October 7, 2008

Alexander H. Burke