IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | 1:10-cv-5402 |
| | ) | Judge Der-Yeghiayan |
| v. | ) | Magistrate Judge Nolan |
| | ) | |
| ARGONNE CREDIT UNION, | ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

**JOINT INITIAL STATUS REPORT**

**1) Nature of claims and counterclaims** – Plaintiff claims that the defendant credit union violated the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") by failing to post adequate ATM fee notice.

**2) Relief sought by plaintiff** – Plaintiff seeks actual damages relating to the wrongful fees taken by defendant, plus statutory damages pursuant to 15 U.S.C. §1693m, which are capped at 1% of the defendant's net worth or $500,000, whichever is greater, plus attorney's fees and costs.

**3) Names of parties not served** – All parties have been served.

**4) Principal legal issues** – Whether defendant violated the EFTA, whether defendant is entitled to affirmative defenses, whether class certification is proper.

**5) Principal factual issues –** Whether defendant can prove its affirmative defenses, whether class certification is proper.

**6) List of pending motions and brief summary of bases for motions** – Plaintiff's motion for class certification, and a motion for leave to file a revised motion for class certification, are pending.

1

**7) Description of discovery requested and exchanged** – Plaintiff plans to ask for discovery regarding class issues (e.g. identities of class members), merits issues (e.g. records of fee notice signage) and any defenses claimed.

**8) Type of discovery needed** - Plaintiff anticipates needing document discovery, requests for admission and interrogatories from defendant. If the subject ATMs were administered by any outside company, then plaintiff would need to issue subpoenas such companies.

**9) Proposed dates for:**

>Rule 26(a)(1) disclosures – October 25, 2010.

>Fact discovery completion – March 28, 2011.

>Expert discovery completion (including dates for the delivery of expert reports)

>>Party with the burden of proof – May 27, 2011;

>>Response/Rebuttal – June 30, 2011 (or 30 days after initial disclosure);

>>Reply, if any – July 29, 2011 (or 30 days after response/rebuttal disclosure).

>Filing of dispositive motions – August 26, 2011.

>Filing of a final pretrial order – October 30, 2011.

**10) Estimation of when the case will be ready for trial** – November 30, 2011.

**11) Probable length of trial** – four days.

**12) Whether a request has been made for a jury trial.** The parties have requested a jury trial.

**13) Whether there have been settlement discussions and if so the outcome of those discussions.** The parties have begun initial discussions regarding settlement, but the discussions are inconclusive at this juncture.

2

**14) Whether the parties consent to proceed before a Magistrate Judge** – The parties do not unanimously consent to proceed before a magistrate judge.

Respectfully Submitted,

| | |
|---|---|
| /s/Alexander H. Burke | /s/Joshua F. Stubbins (with consent) |
| Counsel for Plaintiff | Counsel for Defendant |
| **BURKE LAW OFFICES, LLC** | Gonzalez Saggio & Harlan LLP |
| 155 N. Michigan Ave., Suite 9020 | 225 E. Michigan Street |
| Chicago, IL 60601 | Fourth Floor |
| (312) 729-5288 | Milwaukee, WI 53202 |
| (312) 729-5289 (fax) | (414) 277-8500 |
| ABurke@BurkeLawLLC.com | (414) 277-8521 (fax) |
| www.BurkeLawLLC.com | joshua_stubbins@gshllp.com |

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on behalf of all others similarly situated, | ) ) ) | 1:10-cv-5402 |
| Plaintiff, | ) ) | Judge Der-Yeghiayan |
| v. | ) ) | Magistrate Judge Nolan |
| ARGONNE CREDIT UNION, | ) ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

## JURISDICTIONAL STATEMENT

I. <u>Subject Matter Jurisdiction</u>. This Court has federal question jurisdiction because this action is brought pursuant to the federal Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq*.

II. <u>Venue</u>. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendant conducts substantial business in this district. See Answer ¶4, admitting that defendant does substantial business in this district. The transaction that led to the filing of this case happened at defendant's 2800 75th St., Woodridge, IL 60517 location. Woodridge, Illinois is in DuPage County, which is within the Northern District of Illinois, and is also within the Eastern Division.

Respectfully Submitted,

| | |
|---|---|
| /s/Alexander H. Burke<br>Counsel for Plaintiff | /s/Joshua F. Stubbins (with consent)<br>Counsel for Defendant |
| **BURKE LAW OFFICES, LLC** | Gonzalez Saggio & Harlan LLP |
| 155 N. Michigan Ave., Suite 9020<br>Chicago, IL 60601<br>(312) 729-5288<br>(312) 729-5289 (fax)<br>ABurke@BurkeLawLLC.com<br>www.BurkeLawLLC.com | 225 E. Michigan Street<br>Fourth Floor<br>Milwaukee, WI 53202<br>(414) 277-8500<br>(414) 277-8521 (fax)<br>joshua_stubbins@gshllp.com |