**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on behalf of all others similarly situated, | ) ) | 1:10-cv-5402 |
| Plaintiff, | ) ) | |
| | ) | Magistrate Judge Nolan |
| v. | ) | (through consent) |
| | ) | |
| ARGONNE CREDIT UNION, | ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

**MOTION TO RESET CLASS CERTIFICATION BRIEFING SCHEDULE, REFER CASE FOR A SETTLEMENT CONFERENCE, AND TO COMPEL DISCOVERY**

Plaintiff respectfully requests that this Court reset the briefing schedule for class certification, and refer this case to another magistrate judge for a settlement conference. Plaintiff also requests that this Court compel Argonne to provide a full response to interrogatory 1.

In support of this motion, plaintiff states:

1. This is an Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") case alleging that the defendant credit union failed to post adequate ATM fee notices. The parties have unanimously consented to the jurisdiction of a magistrate judge.

2. Judge Der Yeghigian set a class certification briefing schedule whereby plaintiff was to refile a revised class certification motion by December 30, 2010. Plaintiff has issued discovery, and the parties have engaged in Rule 37 talks. Defendant has agreed to provide supplemental information regarding the class size that plaintiff intends to use to support his motion for class certification. However, defendant has not yet been able to cull this data yet.

3.      Further, the parties have been engaged in settlement talks, and plaintiff believes that there is a substantial chance of settlement if and when he obtains the information mentioned above.

4.       For this reason, plaintiff respectfully requests that this Court continue the briefing schedule for class certification, and refer this case to another magistrate judge for a settlement conference.

5.      Alternatively, plaintiff moves to compel Argonne Credit Union to provide a full response to interrogatory 1, which requested that Argonne:

> Identify each transaction for which there was an ATM Fee charged on a Subject ATM since August 26, 2009. Include the customer's name, address and email, the date and time of each transaction, the amount of fee that was charged, and all signs relating to charges for use of the ATM that were posted on or near the ATM at the time of each transaction.

6.      Although the motion for class certification that has already been filed is probably sufficient, a full response will provide more detail about the size of the class. Argonne initially responded by objecting stating that it is overly broad, unduly burdensome and unlikely to lead to discovery of admissible information. It also provided 142 pages of documents that plaintiff does not understand, and do not indicate the signage at each ATM.

7.      During Rule 37 talks, Argonne indicated orally that it will not likely contest whether its ATM fee signs were in compliance, and has committed to providing information about the number of transactions at each of its ATMs, but has not done so yet.

WHEREFORE, plaintiff respectfully requests that this Court reset the briefing schedule for class certification, and refer this case to another magistrate judge for a settlement

conference. Plaintiff also requests that this Court compel Argonne to provide a full response to interrogatory 1.

                                                          Respectfully Submitted,

                                                          /s/Alexander H. Burke
                                                          Counsel for Plaintiff

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com