**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on behalf of all others similarly situated, | ) ) | 1:10-cv-5402 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Nolan |
| v. | ) | (through consent) |
| | ) | |
| ARGONNE CREDIT UNION, | ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

<u>**PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE**</u>

Plaintiff respectfully requests that this Court issue an order requiring defendant Argonne Credit Union to show cause why it has not yet provided plaintiff with materials responsive to plaintiff's first motion to compel, which counsel committed to producing in court on January 12, 2011.

In support of this motion, plaintiff states:

1.      This is an Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") case alleging that the defendant credit union failed to post adequate ATM fee notices.  The parties have unanimously consented to the jurisdiction of a magistrate judge.

2.      On December 30, 2010, plaintiff brought a motion to compel defendant to provide a full response to interrogatory 1, which asks for Argonne to:

Identify each transaction for which there was an ATM Fee charged on a Subject ATM since August 26, 2009.  Include the customer's name, address and email, the date and time of each transaction, the amount of fee that was charged, and all signs relating to charges for use of the ATM that were posted on or near the ATM at the time of each transaction.

Plaintiff needs this information in order to make any meaningful settlement demand.

3.     At presentation of the motion to compel, defendant agreed that the information was relevant and discoverable in open court, and committed to production of a full response to this interrogatory within two weeks.  Two weeks from that date was January 26, 2011.

4.     Since then, defendant has repeatedly committed to producing a response, but has not done so.  Counsel have traded approximately twenty five emails on the subject since the motion to compel was presented to the Court.  The dealings included the following:

a.   On January 31, 2011, defendant indicated that documents would be forwarded to plaintiff's counsel on February 1, 2011, by "FedEx on a disk."  This did not happen.

b.   On February 7, 2011, defendant indicated that it had been reviewing documents for an entire week, and had not gone through all of the records.  Defendant suggested that the parties continue the settlement conference that had been scheduled for February 15, 2011.

c.   On February 22, 2011, defendant stated that, "The documents requested will be delivered to you tomorrow, upon my return to the office."  This did not happen.

d.   On March 2, 2011, plaintiff's counsel called and wrote an email to defense counsel, stating that if the materials were not in plaintiff's counsel's hands by noon on March 4, 2011, plaintiff would file a motion for rule to show cause.

e.   On March 7, 2011, a disc was delivered via FedEx.  However, the disc is unreadable, and does not appear to contain a response to the

interrogatory; all it appears to contain is several thousand documents that plaintiff's counsel cannot decipher.

5.      Plaintiff's counsel has worked hard to get these materials from defendant without having had to file a motion.  Plaintiff requests that the Court order defendant to produce a complete written response to this interrogatory, without regard to any objections, within seven days.

6.      Plaintiff also requests that the Court order defendant to pay all reasonable attorney's fees connected with plaintiff's counsel's attempts to wrench this undisputedly relevant information from defendant, which defendant *agreed to produce*.

WHEREFORE, Plaintiff respectfully requests that this Court issue an order requiring defendant Argonne Credit Union to show cause why it has not yet provided plaintiff with materials responsive to plaintiff's first motion to compel, which counsel committed to producing in court on January 12, 2011, and to produce those records without regard to any objections, within seven days, and pay plaintiff's reasonable attorney's fees expended in attempting to obtain these materials.

Respectfully Submitted,


/s/Alexander H. Burke
Counsel for Plaintiff


**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com