**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually | ) | |
| and on behalf of all others similarly situated, | ) | |
|     Plaintiff, | ) | No. 1:10-cv-5402 |
| | ) | |
|     v. | ) | Judge Nolan |
| | ) | (Consent Case) |
| ARGONNE CREDIT UNION, | ) | |
|     Defendant. | ) | |

**JOINT MOTION FOR PRELIMINARY
APPROVAL OF A CLASS ACTION SETTLEMENT**

Plaintiff Vladimir Goldshteyn and Defendant Argonne Credit Union hereby move this

Court for an order: (1) certifying the proposed Settlement Class for settlement purposes only; (2)

preliminarily approving all terms and conditions of the proposed Class Action Settlement

Agreement and Release (the "Settlement Agreement"); (3) directing Notice to the Class

Members; and (4) setting dates for submitting claims, exclusions ("Opt-Outs"), objections and a

Final Approval Hearing. In support of this motion, the parties state as follows:

1.      Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and

factual issues presented in this case and the risks and expenses likely associated with litigating

this case to conclusion.

2.      After substantial give-and-take and a lengthy mediation before the Honorable Nan

Nolan, the parties and their respective counsel negotiated at arms-length and executed a

comprehensive Settlement Agreement (Exhibit 1 hereto), which proposes to settle this case on a

class-wide basis.

3.      The parties have stipulated to certification of the following Class for settlement

purposes only:

All persons who, from August 26, 2009 to August 26, 2010, were charged a transaction fee for the use of an automated teller machine by Argonne National Bank.

4.      Pursuant to the Settlement Agreement, the parties have agreed, *inter alia*, that

Defendant shall pay a total of $150,000.00 into a settlement fund.  The $150,000.00 fund shall be

paid, pursuant to Section 2.2 of the Settlement Agreement, as follows:

A.      <u>Notice and Administration Costs</u>.    Within 7 business days after a Preliminary Approval Order is entered, Defendant shall pay $15,000.00 to the Settlement Fund to cover the costs of Class Notice and Administration, excepting the cost of Posted Notice (to be borne separately by Defendant) and website notice (to be borne by Plaintiff's counsel).  Class Notice and Administration costs are not expected to exceed $10,000.00 and shall be paid at the time such expenses are incurred.

B.      <u>Payment to Class Representative, Plaintiff's Counsel, and Eligible Class Member Claimants</u>.    Within 5 business days of the Effective Date (as defined in 1.10 and 1.12 of the Settlement Agreement), Defendant shall pay an additional $135,000.00 to the Settlement Fund.  From the fund: (1) Plaintiff Goldshteyn shall receive $1,000.00 for his statutory damages and for his services as Class Representative; (2) Plaintiff's Counsel shall receive $50,000.00 (30%) of the Settlement Fund in full satisfaction of all reasonable attorneys' fees, subject to Court approval; and (3) the amount remaining in the Settlement Fund after deducting the amounts set forth in paragraph A above and paragraph B(1)-(2) herein shall be divided *pro rata* among Participating Claimants; provided, however, that no Class Member shall receive payment from the Settlement Fund in an amount that exceeds $1,000, regardless of whether that Class Member used the ATM at Issue multiple times.

C.      <u>Reverter</u>.    The amount remaining in the Settlement Fund after deducting the amounts set forth in paragraphs A-B, if any, shall paid as a reverter to defendant.

5.      The parties have agreed on the forms of Class Notice to be given to Class

Members, pursuant to Section 2.4 of the Settlement Agreement: publication notice once in the

Chicago Sun Times and twice in the Naperville Sun, both targeted to the area in which the ATM

at Issue is located (<u>Exhibit B</u> to the Settlement Agreement), posted notice on the ATM at Issue

(<u>Exhibit C</u> to the Settlement Agreement), and website notice (<u>Exhibit D</u> to the Settlement

Agreement).

6.      The parties submit that the proposed forms of Class Notice meet the requirements of Rule 23.  Rule 23(c)(2)(B) states, "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The parties submit that newspaper publication notice (covering the areas in which the ATM is located), posted notice, and website notice is the best Class Notice practicable under the circumstances.

7.      Here, Defendant has records of the ATM transactions that are challenged in the Plaintiff's complaint.  However, the records of the transactions do not tie a transaction to a particular individual, nor do they identify the class members' names or addresses.  Furthermore, the fact that the individual was charged a transaction fee demonstrates that the class member does not have an account with the Defendant.  Only the bank which issued the Plaintiff or the putative class members an ATM card may have the individual contact information necessary to determine name and address.

8.      Therefore, the parties' proposed forms of Class Notice are reasonable given that: (a) publication notice is being specifically targeted to the papers circulated in the ATM's vicinity; (b) a detailed notice which includes the full Settlement Agreement, the complaint and other court documents is being published on the Internet; and (c) notice is also being posted on the very ATM that is the subject of this litigation.  This proposed notice plan has been previously approved as fair and reasonable by numerous courts in this district, including but not limited to the following: *Flores v. Diamond Bank*, No. 07 C 6403 [DE 101]; *Boecherer v. Burling Bank*, No. 08 C 1332 [DE 128]; *Ochart v. Broadway Bank*, No. 08 C 4893 [DE 44]; and *Escalante v. Lincoln Park Savings Bank*, No. 08 C 6152 [DE 25].

9. In addition to the agreed upon forms of notice, the parties have also agreed on a form of a proposed Preliminary Approval Order (Exhibit E to the Settlement Agreement) and a proposed Final Approval Order (Exhibit F to the Settlement Agreement).

WHEREFORE, for the foregoing reasons, the parties request that this Court enter an order: (1) certifying the proposed Settlement Class for settlement purposes only; (2) preliminarily approving all terms and conditions of the proposed Class Action Settlement Agreement and Release; (3) directing Class Notice to the Class Members; and (4) setting dates for submitting claims, exclusions, objections and a Final Approval Hearing.

By: /s/Alexander H. Burke
Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com


Lance A. Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

By: /s/Joshua F. Stubbins (with consent)
Joshua F. Stubbins
One of Defendant's Attorneys
Gonzalez Saggio & Harlan LLP
225 East Michigan Street
Fourth Floor
Milwaukee, Wisconsin 53202
Tel: (414) 277-8500
Fax: (414) 277-8521

Exhibit 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:10-cv-5402 |
| v. | ) ) | Judge Nolan (Consent Case) |
| ARGONNE CREDIT UNION, | ) ) ) | |
| Defendant. | ) | |

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY STIPULATED AND AGREED** by and between Vladimir Goldshteyn ("Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated, with the assistance and approval of Plaintiff's Counsel, on the one hand, and Argonne Credit Union ("Defendant"), with the assistance of its counsel of record, on the other hand, as set forth below:

### INTRODUCTION

This Class Action Settlement Agreement and all associated exhibits or attachments is made for the sole purpose of consummating settlement of this Lawsuit on a class basis. The Settlement Agreement is made in full compromise and release of all disputed claims. Because the Lawsuit was pled as a putative class action, this Settlement Agreement must receive preliminary and final approval by the Court and said approvals shall not be vacated by any reviewing court. Accordingly, the Settling Parties enter into this Settlement Agreement on a conditional basis only. If the Court does not execute and enter the Final Approval Order or in the event that the Final Approval Order does not become Final for any reason, this Settlement

Agreement shall be deemed null and void *ab initio,* it shall be of no force or effect whatsoever (except as provided in paragraphs 2.4(D) and 2.8(D) below). Further, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any applicable state law(s).

**NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED** by and between the Class Representative (for himself and the Class Members) and Defendant, with the assistance of their respective counsel, that, as between the Settling Parties, including all Class Members, the Lawsuit and the Released Claims shall be finally and fully compromised, settled and released, and the Lawsuit shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions set forth herein.

## RECITALS

**WHEREAS**, the Lawsuit was commenced by Plaintiff, individually and on behalf of the class of persons defined in the Lawsuit, and is currently pending and unresolved between the Parties;

**WHEREAS**, in the Lawsuit, Plaintiff alleges that Defendant violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*., by failing to provide adequate notice of automated teller machine ("ATM") fees;

**WHEREAS,** Defendant denies that it is liable to Plaintiff and the Settlement Class and enters into this Agreement solely to avoid the uncertainties, expense and inconvenience of litigation;

**WHEREAS**, in the Lawsuit, Plaintiff seeks actual and statutory damages, attorneys' fees and costs;

**WHEREAS**, Plaintiff and Defendant agree that it is desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth herein to avoid further expense and uncertain, burdensome and potentially protracted litigation, and to resolve all claims that have been or could have been asserted by Plaintiff and the Class Members;

2

**WHEREAS**, the Settling Parties have engaged in arms-length settlement negotiations including a settlement conference presided over by Magistrate Judge Nolan, and Plaintiff's Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Lawsuit and have concluded, taking into account the benefits that Plaintiff and the Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in the best interests of Plaintiff and the Class Members; and

**WHEREAS**, in consideration of the foregoing and other good and valuable consideration, it is hereby stipulated and agreed by and between Plaintiff and Defendant that the claims of Plaintiff and the Class Members be and are hereby compromised and settled, subject to approval of the Court, upon the terms and conditions set forth below.

## DEFINITIONS

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1 "Argonne Releasees" means Argonne Credit Union (and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents, bondholders, insurers and attorneys). All persons or entities listed herein other than Argonne Credit Union are intended third party beneficiaries of this Agreement.

1.2 "ATM at Issue" shall mean the ATMs located at (a) 9700 S. Cass Avenue at the Argonne National Laboratory in Argonne, Illinois, (b) 1350 W. Renwick Road, Romeoville, Illinois (c) 2800 75th Street, Woodridge, Illinois and (d) Kirk and Pine Street in Batavia, Illinois.

1.3 "Claim Form" means the form attached hereto as Exhibit A.

1.4 "Class Counsel" means Alexander H. Burke of Burke Law Offices, LLC, and Lance A. Raphael, Stacy M. Bardo, and Allison A. Krumhorn of The Consumer Advocacy Center, P.C.

1.5 "Class Member" means a person who is a member of the Settlement Class.

1.6 "Class Notice" means the notice to be approved by the Court as set forth in paragraph 2.4 below.

1.7 "Class Period" means August 26, 2009 through August 26, 2010.

1.8 "Class Settlement Administrator" means third party First Class, Inc. of Chicago, Illinois.

1.9    "<u>Court</u>" means the United States District Court for the Northern District of Illinois, Eastern Division.

1.10    "<u>Effective Date</u>" means the date five business days after the date on which the Final Approval Order becomes Final.

1.11    "<u>Fairness Hearing</u>" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement pursuant to class action procedures and requirements; and (ii) entering a Final Approval Order.

1.12    "<u>Final</u>" means the later of: (i) the date of expiration for the time for filing a valid notice of appeal from the Final Approval Order if no such notice of appeal is filed or (ii) if a valid notice of appeal from the Final Approval Order is filed, the date on which the appeal from the Final Approval Order is finally adjudicated and the disposition of the appeal is not subject to further review or appeal.

1.13    "<u>Final Approval Order</u>" means an order to be entered by the Court entitled "Final Approval Order," substantially in the form attached hereto as <u>Exhibit F</u>.

1.14    "<u>Lawsuit</u>" means the instant lawsuit, which is styled Goldshteyn v. Argonne Credit Union, 1:10-cv-5402 (N.D.Ill.).

1.15    "<u>Participating Claimant</u>" means each Class Member who properly and timely submits a Valid Claim Form in response to the Class Notice.

1.16    "<u>Preliminary Approval Date</u>" means the date on which the Court enters a Preliminary Approval Order.

1.17    "<u>Preliminary Approval Order</u>" means an order to be entered by the Court, entitled "Preliminary Approval Order," substantially in the form attached hereto as <u>Exhibit E</u>.

1.18    "<u>Released Claims</u>" mean, collectively, any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, against the Argonne Releasees, or any of them, that accrued at any time on or prior to the Preliminary Approval Date for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys fees, litigation costs, restitution or equitable relief, based on any and all claims based upon Defendant's alleged failure to provide adequate notice of ATM fees at the ATM at Issue, including but not limited to the claims which were made or which could have been made in the Lawsuit.

1.19    "<u>Settlement Agreement</u>" means this Settlement Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all

material terms and conditions of the Settlement among them and which is subject to Court approval.

1.20    "Settlement Class" means the conditional class that the Parties have consented to for purposes of settlement only, as described in paragraph 2.1 below.

1.21    "Settlement Fund" means the fund described in paragraph 2.2 below.

1.22    "Settling Parties" or "Parties" means Plaintiff and Defendant, their respective representatives and attorneys.

1.23    "Valid Claim Form" means a Claim Form that is completed, signed under penalty of perjury, and timely returned to the Settlement Administrator, received by sixty (60) days after entry of the Preliminary Approval Order.  Plaintiff and Defendant shall have the right to verify that each Claim Form submitted is valid in that it reflects use of the ATM at Issue during the Class Period and for which usage the Class Member was charged a fee by Defendant.  Either Party challenging any claim or denial of claim shall apprise the other Party of the challenge, and the Settling Parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim.  Defendant shall take all necessary actions to make all necessary documents available to verify validity of claims, such as transaction logs for the ATMs at Issue.  Defendant shall not contact any alleged class member.  If the Settling Parties are unable to resolve such a challenge, the Settling Parties shall submit the challenge to the Court for resolution.  The Settling Parties shall each bear their own respective costs associated with any such challenge.

## TERMS AND CONDITIONS

2.1    **The Settlement Class**.  The Parties stipulate to certification of the following class for settlement purposes only:

> All persons who, from August 26, 2009 to and including August 26, 2010, were charged a transaction fee for the use of any ATM at Issue.

2.2    **Settlement Fund**.  Defendant shall pay a total of $150,000.00 to a settlement fund (the "Settlement Fund") for the benefit of the Settlement Class.  The Settlement Fund will be maintained or controlled by Class Counsel for the benefit of the Settlement Class and Class Counsel and will be maintained either in Class Counsel's client trust account or a separate account controlled by Class Counsel for the benefit of the Settlement Class and Class Counsel. Payments shall be made by Defendant as follows:  1) within 7 business days after a Preliminary Approval Order is entered, Defendant shall pay $15,000.00 to the Settlement Fund (the "Notice and Class Administration Payment") as directed by Class Counsel, which shall be used for the purpose of issuing notice to the Settlement Class; and 2) within five business days of the Effective Date, Defendant shall pay the remaining $135,000.00 to the Settlement Fund as directed by Class Counsel. The Settlement Fund shall be disbursed as follows:

A. <u>Class Notice</u>. Costs of Class Notice and Administration costs for the settlement (<u>see</u> Paragraph 2.4 below), except cost of Posted Notice (<u>see</u> Paragraph 2.4(B) below) not to exceed $15,000.00, shall be paid by Class Counsel from the Notice and Class Administration Payment to the Settlement Fund at the time such expenses are incurred. Any amount of the Notice and Class Administration Payment which is not used for issuing notice to the Settlement Class or in administering the settlement shall be distributed as set forth below in Paragraph E. Defendant agrees to cooperate with the notice regime herein and approved by the Court, and to participate in such insofar as required by the settlement in good faith with the purpose of providing notice to as many class members as possible.

B. <u>Payment to Class Representative</u>. Class Representative shall receive $1,000.00 for his statutory damages and as an incentive award for his services as Class Representative. Defendant agrees not to object to the Court awarding this amount to Class Representative. The parties agree that the Class Representative may also recover as a claimant member of the Settlement Class.

C. <u>Payment to Plaintiff's Counsel</u>. Plaintiff's Counsel shall not receive more than $50,000.00 (1/3) of the Settlement Fund in full satisfaction of all reasonable attorneys' fees and costs associated with the filing of this lawsuit and the website publication of the class notice. The amount of payment is subject to Court approval and Defendant agrees not to object to Plaintiff's Counsel's petition for attorneys' fees.

D. <u>Class Recovery</u>. The amount remaining in the Settlement Fund after deducting the amount set forth in paragraphs 2.2(A), 2.2(B), and 2.2(C) above shall be divided *pro rata* among Participating Claimants; provided, however, that no Participating Claimant shall receive payment from the Settlement Fund in an amount to exceed $1,000.00.

E. <u>Reverter</u>. Any funds not used for items 2.2 (A) through (D) shall revert back to defendant.

2.3 **Release**.

A. <u>Release by Plaintiff and Class</u>. Except for the obligations created by this Settlement Agreement, upon the Effective Date, Plaintiff and each Class Member that has not excluded himself or herself from the Class (for themselves and their respective current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys) remise, release and forever discharge Argonne Credit Union from any and all liability for any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown that were brought or that could have been brought in the Lawsuit that relate

6

to Defendant's alleged failure to provide adequate notice of ATM fees at the ATM at Issue.

      B.    <u>Release by Defendant.</u>    Except for the obligations created by this Settlement Agreement, upon the Effective Date, Argonne Credit Union (and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys) remises, releases and forever discharges Plaintiff (and each of his respective current and former heirs, executors, administrators, assigns, agents and attorneys) from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, arising from the filing or prosecution of the Lawsuit.

      2.4    **<u>Class Notice</u>**.  If, by entering the Preliminary Approval Order, the Court provides authorization to publish the Class Notice to Class Members, Class Notice shall be given as follows:

      A.    <u>Publication</u>.  Plaintiff shall cause notice to the Settlement Class to be published, within 14 days after entry of a Preliminary Approval Order and in the form and substance set forth in <u>Exhibit B</u> hereto, once in the Chicago Sun-Times and twice in the Naperville Sun. The Sun-Times publication notice shall be a display ad of at least one-quarter (1/4) page in size.

      B.    <u>Posted Notice</u>.    Defendant shall cause notice to the Settlement Class to be posted at each ATM at Issue, starting no later than 14 days after the date a Preliminary Approval Order is entered and continuing to the last date for Class Members to Opt-Out, on the ATM at Issue in 11 x 14 poster and in the form and substance set forth in <u>Exhibit C</u> hereto.  Copies of the full notice and claim form shall also be appended to the poster or placed near it so that class members may take them.

      C.    <u>Website</u>.    Plaintiff shall cause notice to the Settlement Class to be posted, starting no later than 14 days after a Preliminary Approval Order is entered and continuing to the last date for Class Members to Opt-Out, on the internet at www.caclawyers.com/argonnecredit in the form and substance set forth in <u>Exhibit D</u> hereto.  This notice may also be posted at www.BurkeLawLLC.com.  The costs of such posting, if any, shall come from the Settlement Fund and shall not exceed $500 per website.

      D.    <u>Costs</u>.    All costs of Publication Class Notice and settlement administration shall be deducted from the Settlement Fund, but in no event shall such costs exceed $15,000.00.  If this Settlement Agreement is terminated pursuant to its terms or if the Court does not finally approve this Settlement Agreement, the Settlement Fund shall be returned to Defendant, excepting that the Costs of Publication

Notice and Administration, and any other funds legitimately spent in furtherance of this settlement and already incurred shall not be refunded.

      E.    <u>Hard Copy of Notice.</u>  Class Counsel shall provide any Settlement Class member who requests a hard copy of the notice to the Settlement Class with a hard copy of the Notice in the form of Exhibit G to this Agreement. The Notice in the form of Exhibit G will also be available on the website referred to in subsection C above.

      F.    <u>Refer Inquiries to Class Counsel</u>. Defendant and its attorneys shall refer any and all inquiries regarding this settlement to class counsel.

2.5    **Opt-Out/Exclusion/Right to Object/Participation**.

      A.    <u>Opt-Out/Exclusion</u>.  Any Class Member, except Plaintiff, may seek to be excluded from this Settlement Agreement and from the Settlement Class as detailed in the Class Notice and within the time and in the manner provided by the Court. Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor be entitled to any of its benefits.

      B.    <u>Objection</u>.  Any Class Member, except Plaintiff, may object to the terms of this Settlement Agreement in writing, as detailed in the Class Notice and within the time and in the manner provided by Court order. Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs. Class Counsel and counsel of record for Defendant must also be served with copies of any objections, received by no later than the Opt-Out Deadline. The Class Notice shall advise Class Members of this option. Any objections must be in writing and timely submitted or else they are waived.

      C.    <u>Participation</u>. Any Class Member may seek to participate in the Lawsuit. Any Class Member who exercises his or her right to participate in the Lawsuit will be responsible for his or her own attorneys' fees and costs.

2.6    **Preliminary Approval Order**.    As soon as practicable after execution of this Settlement Agreement, Plaintiff and Defendant shall seek an order from the Court that:

      A.    preliminarily approves this Settlement Agreement;

      B.    conditionally certifies for purposes of settlement the Settlement Class;

      C.    schedules a hearing for final approval of this Settlement Agreement; and

      D.    approves the form and manner of Class Notice as set forth in paragraph 2.4 herein and finds that such notice satisfies the requirements of due process pursuant

to Federal Rule of Civil Procedure 23, the United States Constitution and any other applicable law and finds that no further notice to the Settlement Class is required.

The Settling Parties agree to request the form of Preliminary Approval Order attached hereto as Exhibit E.  The fact that the Court may require changes in the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.7 **Final Approval Order**.  At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing, Plaintiff's Counsel and Defendant's Counsel shall jointly request that the Court enter a Final Approval Order approving the terms of this Settlement Agreement as fair, reasonable and adequate; providing for the implementation of its terms and provisions; finding that the Class Notice given to the Settlement Class satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; dismissing the claims of Plaintiff and the Settlement Class with prejudice and without costs; and retaining exclusive jurisdiction to enforce the terms and provisions of this Settlement Agreement.  The Parties agree to jointly request the form of Final Approval Order attached hereto as Exhibit F.  The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

2.8 **Administration of Class Benefits**.

A. Class Settlement Administration.  Subject to Court approval, Plaintiff shall retain Class Settlement Administrator First Class, Inc. to process Claim Forms, and distribute the Settlement Fund as described in Paragraph 2.2 above.  Except for payments for issuing notice to the Settlement Class to be paid from the Notice and Class Administration Payment, the Settlement Fund shall be distributed within 60 days of the Effective Date, subject to any extension allowed by Paragraph 2.8(C) below.  Other than payments for notice and class administration to be made from the Notice and Class Administration Payment, no funds from the Settlement Fund shall be disbursed until the Effective Date.

B. Eligibility.  If the Class Settlement Administrator receives an incomplete or otherwise improperly filled out Claim Form that is otherwise timely submitted, the Class Settlement Administrator shall attempt to contact the claimant and seek such information as is needed to correct the deficiency.  If the deficiency cannot be corrected by the Class Settlement Administrator, then Plaintiff's Counsel and Defendant's Counsel shall jointly determine whether the claimant is eligible to receive any of the benefits described in Paragraph 2.2, or if they cannot agree upon such a determination in good faith, then the Court shall determine whether the claimant is entitled to the relief requested.

C.    Extension for Distribution.    If the Class Settlement Administrator, in its sole determination, is required to obtain a W-9 form(s) from a Participating Claimant(s), then the Class Settlement Administrator shall have 60 days from the date of receipt of a completed W-9 form to distribute the portion of the Settlement Fund earmarked for such Participating Claimant(s).

D.    Costs.    The Class Settlement Administrator shall be paid from the Settlement Fund; provided, however, that if this Settlement Agreement is terminated pursuant to its terms or if the Court does not approve this Settlement Agreement, the amount already paid to the Class Settlement Administrator shall not be refunded to Defendant unless the Settlement Administrator has been paid in advance for services not yet rendered in which case the amount paid for services not yet rendered shall be refunded to Defendant.

2.9    **Release of Attorney's Lien**.    In consideration of this Settlement Agreement, Plaintiff's Counsel hereby waives, discharges and forever releases Defendant from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Plaintiff's Counsel in connection with the Lawsuit; provided, however, that this release is conditioned upon Final Approval of this Settlement Agreement by the Court and full performance by the Defendant of its obligations under this Settlement Agreement.

2.10    **No Admission of Liability**.    Whether or not this Settlement Agreement is consummated, this Settlement Agreement and all proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession by Defendant of any liability or wrongdoing whatsoever.

2.11    **Best Efforts**.    The Settling Parties and their respective counsel agree to cooperate fully with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the consummation of this Settlement Agreement.

2.12    **Notices**.    Notices regarding this Settlement Agreement directed to Plaintiff and/or the Settlement Class shall be sent to:

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave, Suite 9020
Chicago, IL 60601

-And-

Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, Illinois 60602

10

Notices to Defendant shall be sent to:

>       Joshua F. Stubbins
>       Gonzalez Saggio & Harlan LLP
>       225 East Michigan Street, Fourth Floor
>       Milwaukee, Wisconsin 53202

The persons and addresses designated in this paragraph may be changed with written notice to the other signatories hereto.

2.13   **Counterparts**. This Settlement Agreement may be signed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles or scanned copies of the signature pages of this Settlement Agreement may be treated as originals.

2.14   **Binding Agreement**.       Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff and each Class Member and each of their respective current and former heirs, executors, administrators, assigns, agents and attorneys, all of whom/which persons and entities are intended to be beneficiaries of this Settlement Agreement. Each and every term of this Settlement Agreement, other than the payment obligations, shall be binding upon and inure to the benefit of the Argonne Credit Union Releasees.

2.15   **Governing Law**.       This Settlement Agreement (and any exhibits hereto) shall be considered to have been negotiated, executed and delivered, and to have been wholly performed in the State of Illinois, and the rights and obligations of the Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of Illinois without giving effect to Illinois choice of law principles.

2.16   **Retention of Jurisdiction**.       The Court shall retain jurisdiction to implement and to enforce the terms of this Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

2.17   **Interpretation**.       The Settling Parties acknowledge that they have had an equal opportunity to participate in the drafting of this Settlement Agreement and that each Settling Party and its counsel reviewed and negotiated the terms and provisions of this Settlement Agreement and have contributed to its revisions. Therefore, in any dispute over the construction or interpretation of this Settlement Agreement, the Settling Parties agree and understand that the Settlement Agreement shall be construed fairly as to all Settling Parties and shall not be construed against any Settling Party on the basis of authorship. The Settling

Parties further agree that in this Settlement Agreement the singular shall include the plural and vice versa where the content so requires.

2.18 **Entire Agreement**. This Settlement Agreement constitutes the entire agreement of the Settling Parties hereto as to the matters raised herein. The undersigned acknowledge that there are no communications or oral understandings contrary to, in addition to, or different from the terms of this Settlement Agreement and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded and merge into this Settlement Agreement and shall have no effect. This Settlement Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Settling Parties and their respective counsel.

2.19 **Authority**. The persons signing this Settlement Agreement hereby represent and warrant that they have read this Settlement Agreement, that they know and understand its terms, that they have consulted with counsel with respect hereto, that they have signed this Settlement Agreement freely, and that they intend that they and/or or any person or entity on whose behalf they are signing this Settlement Agreement will be fully bound by all the terms and provisions of this Settlement Agreement. Such persons further represent and warrant that they are competent to sign this Settlement Agreement and that, as necessary, all corporate or other legal formalities have been followed such that they have full authority to execute this Settlement Agreement on behalf of the person or entity for whom or for which they are signing this Settlement Agreement in a representative capacity.

2.20 **Headings**. The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.21 **Severability**. In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby.

**IN WITNESS WHEREOF**, the Parties hereto, have so agreed on the dates noted below.

**Vladimir Goldshteyn**
Plaintiff and Class Representative

By: _____     ___/___/_____
　　Vladimir Goldshteyn                              Date

Approved as to form:

/s/Alexander H. Burke                         October 31, 2011
Alexander H. Burke
**B**URKE **L**AW **O**FFICES**, LLC**
155 N. Michigan Ave, Suite 9020
Chicago, IL 60601
*Counsel for Plaintiff and the Class Members*

/s/Stacy M. Bardo                             October 31, 2011
Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, Illinois  60602
*Counsel for Plaintiff and the Class Members*

**Argonne Credit Union**
Defendant

By:  _____          ___/___/_____
                                               Date

Its:

Approved as to form:

_____          ___/___/_____
Joshua F. Stubbins
Gonzalez Saggio & Harlan LLP
225 East Michigan Street, Fourth Floor
Milwaukee, Wisconsin 53202

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) | No. 1:10-cv-5402 |
| | ) | |
| v. | ) | Judge Nolan |
| | ) | (Consent Case) |
| ARGONNE CREDIT UNION, | ) | |
| Defendant. | ) | |

**<u>CLAIM FORM</u>**

**Note: This Claim Form must be completely filled out and <u>received</u> by the Class Settlement Administrator on or before _____, 2011:**

First Class, Inc.
5410 W Roosevelt Rd, Unit 222
Chicago, IL 60644-1478

I affirm under penalties of perjury that I used an ATM operated by Argonne Credit Union at one of the locations listed below (you <u>must</u> identify which location) between August 26, 2009 and August 26, 2010 and was charged a transaction fee for the use of that ATM. I therefore believe I am a member of the Settlement Class described in the class notice and want to receive my share of the Settlement Fund.

Signature: _____    Printed Name: _____

Address: _____    Telephone No.: _____

Last 4 Digits of    Name of Financial
Card Used in    Institution that Issued
Transaction: _____    Card Used in Transaction: _____

At which of the following locations did you use an ATM between the dates of August 26, 2009 and August 26, 2010?

NOTE: Each claimant is eligible to make 1 claim from the settlement fund, up to a total recovery of $1,000.00. Multiple uses of the same machine or use of multiple machines shall only give rise to the ability to file 1 claim.

___    9700 S. Cass Avenue at the Argonne National Laboratory in Argonne, Illinois
___    1350 W. Renwick Road, Romeoville, Illinois
___    2800 75th Street, Woodridge, Illinois
___    Kirk and Pine Streets in Batavia, Illinois.

Exhibit B

**NOTICE OF CLASS ACTION SETTLEMENT**
*Goldshteyn v. Argonne Credit Union,* 10-cv-5402 (N.D.Ill.)

**IF YOU USED AN ARGONNE CREDIT UNION ATM BETWEEN AUGUST 26, 2009 AND AUGUST 26, 2010, AND WERE CHARGED A FEE, YOU SHOULD READ THIS NOTICE CAREFULLY.**

This notice concerns a lawsuit about the charging of fees at the following ATMs: 9700 S. Cass Avenue at the Argonne National Laboratory in Argonne, Illinois; (b) 1350 W. Renwick Road, Romeoville, Illinois; (c) 2800 75th Street, Woodridge, Illinois; and (d) Kirk and Pine Street in Batavia, Illinois. Vladimir Goldshteyn sued Argonne Credit Union under a law called the Electronic Funds Transfer Act on the ground that the above ATMs did not have a posted fee notice. Argonne Credit Union denies Mr. Goldshteyn's claims.

Mr. Goldshteyn and Argonne Credit Union have agreed to a settlement of the case. The settlement includes everyone who was charged a fee for using one of the above-listed Argonne Credit Union ATMs between August 26, 2009 and August 26, 2010. These people are called "Class Members," and the time period that is covered is called the "Class Period." Under the law, the maximum that a group of people may recover in a case like this one is 1% of Center Bank's net worth or $500,000.00, plus any actual damages that class members suffered. Argonne Credit Union has stated that during the Class Period, there were approximately 5,000 transactions where ATM fees were charged. Argonne Credit Union has agreed to establish a Settlement Fund of $150,000.00. Class Members who used one of the ATMs during the Class Period and were charged a fee may make one claim on the Settlement Fund to receive a pro rata share, up to a maximum of $1,000.00. The most an individual filing his own lawsuit could recover is $1,000.00 plus any actual harm suffered and therefore, the attorneys believe a settlement allowing you to make a claim for up to $1,000.00 is fair and reasonable. From the Settlement Fund, Defendant will also pay Plaintiff's counsel up to $50,000.00 in attorneys' fees and costs, subject to court approval, for prosecuting this case, pay Plaintiff $1,000.00 for his services as class representative, separate from his recovery as a class member, and pay the costs of notice and administration, to be capped at $15,000.00.

On _____, 2011 at ___ a.m., the judge presiding over the case, U.S. Magistrate Judge Nan Nolan, will hold a hearing to decide whether to give final approval to the settlement. YOU DO <u>NOT</u> NEED TO ATTEND THIS HEARING. If the judge approves the settlement, all Class Members will be bound by the resulting judgment and will not be able to file separate lawsuits against Argonne Credit Union for the same ATM notice claims raised in the *Goldshteyn* lawsuit.

You have four choices:

1) SUBMIT A CLAIM FORM If you want to receive a share of the Settlement Fund, you must mail a completed Claim Form, received by _____, 2011 to the Settlement Administrator, First Class, Inc., 5410 W. Roosevelt Rd., Unit 222, Chicago, IL 60644. <u>If you do not submit a Claim Form, you will receive no money, but you will not be able to file a separate lawsuit against Defendant.</u> Download a Claim Form at www.caclawyers.com/argonnecredit or call (312) 782-5808 to request a Claim Form.

2) OPT OUT If you do <u>not</u> want to participate in the settlement, you must write a letter stating, "EXCLUDE ME FROM THE *GOLDSHTEYN V. ARGONNE CREDIT UNION*." Include your name and address and mail the letter to the Settlement Administrator, First Class, Inc., 5410 W. Roosevelt Rd., Unit 222, Chicago, IL 60644. Your letter must be received by _____, 2011 to be valid.

3) OBJECT If you think the Settlement is unfair, you may object to it by writing a letter giving the reasons for your objection and mailing your letter to the Clerk of Court at 219 South Dearborn Street, Chicago, Illinois 60604, which must be received by _____, 2011, and also mailing a copy to Lance A. Raphael, The Consumer Advocacy Center, P.C., 180 W. Washington St., Ste. 700, Chicago, IL 60602, and to Joshua Stubbins, Gonzalez Saggio & Harlan LLP, 225 East Michigan Street, Fourth Floor, Milwaukee, Wisconsin 53202.

4) DO NOTHING If you do nothing you will remain a member of the Settlement Class and will release Defendant from liability but you will nor receive a share of the Settlement Fund.

Exhibit B

For more information, visit www.caclawyers.com/argonnecredit or contact Class Counsel Alexander H. Burke at Burke Law Offices, LLC at (312)729-5288 or Lance Raphael of The Consumer Advocacy Center, P.C. at (312) 782-5808.

**DO NOT CONTACT THE COURT FOR INFORMATION, AS IT WILL NOT BE ABLE TO ASSIST YOU**

Exhibit C

# NOTICE OF CLASS ACTION

If you used this Argonne Credit Union ATM machine anytime between August 26, 2009 and August 26, 2010, and were charged a transaction fee for use of this machine, you may be entitled to compensation pursuant to a class action settlement in the case of *Goldshteyn v. Argonne Credit Union*, Case No. 10 C 5402, pending in the U.S. District Court for the Northern District of Illinois, Eastern Division.

To find out more, visit www.caclawyers.com/argonnecredit or call Class Counsel, Alex Burke, Burke Law Offices, LLC at 312-729-5288, or Lance Raphael, The Consumer Advocacy Center, P.C. at 312-782-5808.

Exhibit D

*Goldshteyn v. Argonne Credit Union*
**CLASS ACTION SETTLEMENT INFORMATION**

Welcome to the settlement information website for *Goldshteyn v. Argonne Credit Union*. This website describes the case and the settlement among the Settlement Class and Defendant Argonne Credit Union. In order to receive benefits under this settlement, you must be a member of the Settlement Class which is defined as:

> All persons who, from August 26, 2009 at August 26, 2010, were charged a transaction fee for the use of any of the following Argonne Credit Union ATMs: (a) 9700 S. Cass Avenue at the Argonne National Laboratory in Argonne, Illinois, (b) 1350 W. Renwick Road, Romeoville, Illinois (c) 2800 75th Street, Woodridge, Illinois, and (d) Kirk and Pine Street in Batavia, Illinois.

We have tried to design this website to help you get information about the proposed settlement of this case. If necessary, however, you can also contact Class Counsel for further information:

| | |
|---|---|
| Lance A. Raphael | Alexander H. Burke |
| The Consumer Advocacy Center, P.C. | Burke Law Offices, LLC |
| 180 W. Washington St., Ste. 700 | 155 N. Michigan Ave, Suite 9020 |
| Chicago, IL 60602 | Chicago, IL 60601 |
| (312) 782-5808 | (312)729-5288 |

**<u>DO NOT</u> CONTACT THE COURT FOR INFORMATION.**

This case is currently pending in the United States District Court for the Northern District of Illinois as Case No. 10 C 5402. The judge is Magistrate Judge Nan Nolan. To see a copy of the complaint, <u>click here</u>.

Plaintiff alleges that Defendant did not post the required fee notice on the outside of its ATMs, thus violating the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq*. To see a copy of the class action notice, <u>click here</u>.

Defendant denies Plaintiff's claims of wrongdoing but has agreed to settle all claims against it to avoid the expense and inconvenience of continued legal proceedings. To see a copy of the Settlement Agreement, <u>click here</u>.

The Court has certified a class and preliminarily approved a class action settlement of this case. To see a copy of the Preliminary Approval Order, <u>click here</u>.

The links below provide information about who is a Class Member, the terms of the Settlement Agreement and how Class Members can participate in, object to, or exclude themselves from, the class action settlement of this case.

**<u>All Potential Class Members</u>**

To find out if you are a Class Member, <u>click here</u>. (Website shall provide link to Class Definition)

Exhibit D

If you want to receive money from the Settlement Fund, <u>click here</u>.  (Website shall provide link to Claim Form)

If you do not want to be a class member (or receive any money from the Settlement Fund), <u>click here</u>. (Website shall provide link to Opt Out Instructions)

If you want to object to the settlement of this case as a class action or to the terms of the Settlement Agreement, <u>click here</u>.  (Website shall provide link to Objection Instructions)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually | ) | |
| and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No. 1:10-cv-5402 |
| | ) | |
| v. | ) | Judge Nolan |
| | ) | (Consent Case) |
| ARGONNE CREDIT UNION, | ) | |
| Defendant. | ) | |

## <u>FINAL APPROVAL ORDER</u>

This matter comes before the Court on the joint request of Plaintiff, the Class Members and Defendant for final approval of the Class Action Settlement Agreement and Release (the "Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS:**

1.    This Court has jurisdiction over the subject matter of this Lawsuit, the Class Representative, the Class Members and Defendant;

2.    Notice was given to the Class pursuant to the Settlement Agreement in this matter;

3.    The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

4.    ___ Members of the Settlement Class opted out of the Settlement Agreement;

5.    ___ Members of the Settlement Class objected to the Settlement Agreement;

6. The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B. The Settlement Class is adjudged a final and permanent class for purposes of this Action.

C. That the Settlement Agreement is finally approved and the Parties shall implement it pursuant to its terms;

D. That this Court awards to Class Counsel total attorneys' fees of _____ and total costs of _____ , which, upon review of counsel's memorandum, time records and certifications, is determined to be fair and reasonable;

E. That, except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice this Lawsuit, all claims contained therein and all Released Claims;

F. That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement or Judgment;

G. That, except as otherwise provided in the Settlement Agreement or herein, the Parties are to bear their own attorneys' fees and costs; and

H. That this Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability based upon the Released Claims.

SO ORDERED this _____ day of _____, 2012.

_____
Honorable Nan Nolan
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOLDSHTEYN, individually | ) | |
| and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No. 1:10-cv-5402 |
| | ) | |
| v. | ) | Judge Nolan |
| | ) | (Consent Case) |
| ARGONNE CREDIT UNION, | ) | |
| Defendant. | ) | |

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1.　　Solely for purposes of settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3): All persons who, from August 26, 2009 to August 26, 2010, were charged a transaction fee for the use of any of the following Argonne Credit Union ATMs: (a) 9700 S. Cass Avenue at the Argonne National Laboratory in Argonne, Illinois, (b) 1350 W. Renwick Road, Romeoville, Illinois, (c) 2800 75th Street, Woodridge, Illinois, and (d) Kirk and Pine Street in Batavia, Illinois.

2.　　Based on the parties' stipulations, and for settlement purposes only, the Court finds that: (A) the class as defined is sufficiently numerous such that joinder is impracticable; (B) there are questions of law and fact common to the class which include whether or not the absence of a posted notice at Argonne Credit Union's five ATM machines, violated the requirements of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*; (C) the claim of Plaintiff Vladimir Goldshteyn is typical of the Class Members' claims; (D) Plaintiff Vladimir

Goldshteyn is an appropriate and adequate representative for the Class and his attorneys, Alexander H. Burke of Burke Law Offices, LLC and Lance A. Raphael, Stacy M. Bardo, and Allison A. Krumhorn of The Consumer Advocacy Center are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

3.     The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.  In the event that the proposed settlement is not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement, retain its right to contest certification of the Class.

4.     The Court approves the proposed forms of notice to the Class, and directs that notice be implemented in accordance with the Settlement Agreement.  Counsel will file an affidavit with the Court, at least 5 business days prior to the Final Approval Hearing, attesting that notice has been so published and posted.

5.     The Court finds that the notice proposed in the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6.     Class Members shall have sixty days after the first date notice is published to send in a claim form, opt out or object to the proposed Settlement Agreement.

7.     Any Class Member who wants to receive a monetary portion of the Settlement Fund shall file a Claim Form, which will be available for download at www.caclawyers.com/argonnecredit or by contacting Class Counsel.  To be timely, a Claim Form must be sent to the Class Settlement Administrator and received by _____, 2011, 60 days after the first date Notice is published.

2

8.     Any Class Member who desires to exclude himself or herself from the Class shall not be bound by the Settlement and shall not be entitled to any of its benefits.  To be timely, a request for exclusion must be filed with the Clerk of the Court and received by _____, 2011, 60 days after the first date Notice is published.  To be effective, the request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *GOLDSHTEYN V. ARGONNE CREDIT UNION, NO.10 CV 5402*."  The request for exclusion must also contain the excluded Class Member's name, address, and signature.

9.     Any Class Member who objects to the Settlement contemplated by the Agreement shall have a right to appear and be heard at the Final Approval Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for the objection, received by no later than _____, 2011, which shall be at least 14 days before the Final Approval Hearing date.  Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law filed and served no later than 5 days prior to the Final Approval Hearing.

10.     A Final Approval Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on _____ at _____ a.m.

SO ORDERED this _____ day of _____, 2011.

_____
Honorable Nan Nolan
United States Magistrate Judge

3